UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. ROSAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>    Defendants. | Case No. 21-cv-06179-JST<br><br>**ORDER OF DISMISSAL**<br>Re: ECF No. 47 |

Plaintiff David Rosas filed this lawsuit in August 2021 naming Governor Gavin Newsom as a defendant. *See* ECF No. 1 ("Compl.") at 1. On May 18, 2022, the Court issued an order finding that Rosas had not validly effected service on Governor Newsom. ECF No. 47 at 1. The Court ordered Rosas to show cause by June 9, 2022 why his case should not be dismissed against Governor Newsom for failure to serve under Fed. R. Civ. P. 4(m).[1] *Id.* at 2. The Court further noted that Rosas's complaint makes no factual allegations against Governor Newsom. *Id.*

On June 8, 2022, Rosas responded to the Court's order, stating that his process server served the summons and complaint on a police officer at the California Highway Patrol's Santa Rosa office in Rohnert Park, California. ECF No. 48 at 2. However, the California Highway Patrol is not authorized to receive service on behalf of Governor Newsom. *See* Fed. R. Civ. P. 4(e)(2)(C) (an individual may be served by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process"). And leaving a summons at the California Highway Patrol office does not qualify as effecting service on the

---

[1] Fed. R. Civ. P. 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the Court may, on motion or its own after notice to plaintiff, dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Governor because the California Highway Patrol office is not the Governor's "office, dwelling house, usual place of abode or business, or usual mailing address." *See* Cal. Civil Code § 415.20 (service may be effected by "[l]eaving copy of summons and complaint at office, dwelling house, usual place of abode or business, or usual mailing address"). Moreover, it appears that when the process server attempted to serve the California Highway Patrol officer, the officer informed her that the office could not accept the summons and complaint. *Id.* at 4. In a letter submitted along with Rosas's response, the process server recounts that the California Highway Patrol officer informed her that, "If the Summons did not include a California Highway Patrol Officer or the whole department, we are unable to accept the Summons." *Id.*

Because Rosas has neither timely served Governor Newsom nor established good cause for his failure to do so, Governor Newsom is **DISMISSED** without prejudice from this action. Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: June 14, 2022

JON S. TIGAR
United States District Judge