UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. ROSAS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>    Defendants. | Case No. 21-cv-06179-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 9, 14, 34, 35 |

Plaintiff has filed the instant *pro se* action. The City of Santa Rosa,[1] Santa Rosa Police Detective Gavin Holzapfel, and Santa Rosa Police Department property evidence technician Lisa Hansen (collectively, "Santa Rosa City Defendants") have filed motions to dismiss the original complaint and the amended complaints. ECF Nos. 9, 34. Sonoma County and Sonoma County district attorneys Jill Ravitch, Jessica Washington, and Spencer Brady (collectively, "Sonoma County Defendants") have also filed motions to dismiss the original complaint and the amended complaint. ECF No. 14, 35. For the reasons set forth above, the Court GRANTS the motion to dismiss the original complaint, ECF Nos. 9, 14; DISMISSES the original complaint with leave to amend; STRIKES the amended complaints, ECF Nos. 32, 39; and DENIES AS MOOT the motions to dismiss the amended complaints, ECF Nos. 34, 35.

---

[1] Rosas's complaint names the Santa Rosa City Council and Sonoma County Board of Supervisors as defendants in this action, Compl. at 1-2, which is presumably an attempt to allege a municipal liability claim against the City of Santa Rosa and Sonoma County, *see Monell v. N.Y. City Dep't. of Soc. Servs.*, 436 U.S. 658 694 (1978) (municipal liability can result from the unconstitutional actions or omissions of the municipality's lawmakers). The City of Santa Rosa has appeared in place of Santa Rosa City Council, and Sonoma County has appeared in place of the Sonoma County Board of Supervisors. Accordingly, the Court ORDERS the Clerk to terminate the Santa Rosa City Council and Sonoma County Board of Supervisors as defendants, and add the City of Santa Rosa and Sonoma County as defendants.

## I. BACKGROUND

### A. Complaint

Pro se Plaintiff David Rosas brings this lawsuit against Defendants City of Santa Rosa; Jill Ravitch, the Sonoma County District Attorney; Jessica Washington and Spencer Brady, deputy district attorneys from the Sonoma County District Attorney's Office; Gavin Holzapfel, a Santa Rosa Police Department Officer; Lisa Hansen, a Santa Rosa Police Department Property Evidence Technician; and Gavin Newsom, the Governor of California.[2]  Rosas's complaint alleges the following:

A January 2016 fire at Rosas's Santa Rosa duplex led to Rosas's detention in a 5150 hold[3] and the Santa Rosa Police Department to charge Rosas with felony property charges in October 2016.  ECF No. 1 ("Compl.") at 4, 7.  During the ensuing proceedings, Officer Holzapfel committed perjury during his testimony and Washington, the deputy district attorney prosecuting the case, knew or should have known Officer Holzapfel was lying.  *Id.* at 5-6.  Further, neither the Santa Rosa Police nor the Sonoma County District Attorney provided a reasonable accommodation or mental health advocate to protect Rosas's mental health during these proceedings.  *Id.* at 6.  Rosas's criminal case was dismissed in February 2020, but not before Rosas incurred $500,000 in property loss and $60,000 in lost wages to cover his attorneys' and counselor's fees.  *Id.*  Also resulting from Rosas's case are insurance benefits from State Farm that were never provided and lost ammunition that was never returned to Rosas with the firearms that the Santa Rosa Police Department confiscated in connection with his criminal case.  *Id.* at 7-8.

Rosas's complaint does not identify causes of action.  Instead, the document makes references throughout to the Americans with Disabilities Act of 1990 ("ADA"), the Racketeer

---

[2] The Court dismissed Governor Newsom without prejudice from this action for failure to serve under Fed. R. Civ. P. 4(m).  ECF No. 49.

[3] "The phrase '5150 hold' derives from California Welfare & Institution Code § 5150, which provides that an individual may be placed in an approved mental health facility for up to 72 hours for evaluation and treatment if the individual is 'a danger to others, or to himself or herself, or gravely disabled' as a result of a mental health disorder." *Townsend through Townsend v. Cty. of Santa Cruz*, No. 19-CV-00630-BLF, 2021 WL 3913174, at *1 (N.D. Cal. Sept. 1, 2021) (quoting Cal. Welf. & Inst. Code § 5150(a)).

1  Influenced and Corrupt Organizations ("RICO") Act, the Second and Fourteenth Amendments,

2  malicious prosecution, and California's Unruh Civil Rights Act.

3    In September 2021, Defendants Santa Rosa, Officer Holzapfel, and Hansen (the "City

4  Defendants") and Defendants Sonoma County, Ravitch, Washington, and Brady (the "County

5  Defendants") filed separate motions to dismiss Rosas's complaint under Rule 12(b)(6). ECF Nos.

6  9, 14.

7    **B.**  **Amended Complaints**

8    Rosas filed amended complaints on February 15, 2022, ECF No. 32, and March 15, 2022,

9  ECF No. 39. Rosas did not obtain leave of court or consent from Defendants to file these

10  amended complaints. *See* ECF Nos. 34, 35.

11  **II.**  **LEGAL STANDARD**

12    **A.**  **Rule 12(b)(6)**

13    Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain

14  statement of the claim showing that the pleader is entitled to relief." While a complaint need not

15  contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to

16  relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To

17  survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that,

18  when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662,

19  678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows

20  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

21  *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are

22  merely consistent with a defendant's liability, it stops short of the line between possibility and

23  plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted). In

24  determining whether a plaintiff has met this plausibility standard, the Court must "accept all

25  factual allegations in the complaint as true and construe the pleadings in the light most favorable"

26  to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

27    When a plaintiff is suing multiple defendants, the "complaint must specify exactly what

28  each separate defendant is alleged to have done to cause plaintiff harm." *Fagbohungbe v.*

3

1  *Caltrans*, No. 13-CV-03801-WHO, 2014 WL 644008, at *5 (N.D. Cal. Feb. 19, 2014) (citation

2  omitted); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (a plaintiff

3  "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil

4  Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on

5  sufficient notice of the allegations against them").

### B.     Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a plaintiff has a right as a matter of course to amend the complaint within 21 days from the date that a Rule 12(b) motion is filed. Fed. R. Civ. P. 15(a)(1). If this time period has passed, then a plaintiff may only amend the complaint with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Leave shall be freely granted by the Court when justice requires. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (internal citation omitted)).

## III.    DISCUSSION

### A.     Amended Complaints

The operative complaint is the original complaint, docketed at ECF No. 1. Rosas filed an amended complaint on February 25, 2022, ECF No. 32, and again on March 15, 2022, ECF No. 39. Because the pleadings were filed outside the Rule 15(a)'s 21-day window, and were otherwise made without Defendants' consent or the Court's permission, amendment was improper. Nonetheless, the Court notes the Ninth Circuit's generous standards for granting leave to amend under Rule 15, its policy of favoring amendments with "extreme liberality," and its standard of liberally construing pro se litigants' pleadings. *Velasquez v. Bank of Am. N.A.*, No. 11-CV-2491-SBA, 2011 WL 13267079, at *1 (N.D. Cal. Oct. 18, 2011) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)). The Court thus strikes Rosas's amended complaints, ECF Nos. 32, 39, but permits Rosas to file an amended complaint curing the deficiencies identified below. The Court DENIES AS

1  MOOT the motions to dismiss the amended complaints. ECF Nos. 34, 35.

### B. Motions to Dismiss

The Court has reviewed the motions to dismiss and the operative complaint. The Court is mindful that a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, even under this lenient standard, the Court concludes that Rosas's complaint must be dismissed and GRANTS the motions to dismiss filed by the Santa Rosa City Defendants and the Sonoma County Defendants for the reasons that follow.

#### 1. Claims and Defendants Dismissed with Prejudice

##### a. Official Capacity Claims

Rosas's complaint identifies the following state officials as Defendants: Jill Ravitch, the Sonoma County District Attorney; Jessica Washington and Spencer Brady, deputy district attorneys from the Sonoma County District Attorney's Office; Gavin Holzapfel, a Santa Rosa Police Department Officer; and Lisa Hansen, a Santa Rosa Police Department Property Evidence Technician. *See* Compl. at 1-2. The Eleventh Amendment bars actions against state officials acting in their official capacities because these actions are treated as suits against the state itself. *Holland v. Farrow*, No. 14-CV-01349-JST, 2014 WL 2568569, at *1 (N.D. Cal. June 6, 2014) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Thus, Rosas's claims against the state official defendants in their official capacities are DISMISSED with prejudice.

##### b. Individual Capacity Claims against Prosecutors

Rosas's complaint appears to assert claims against prosecutors in their individual capacities. "Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Although the line between the functions is not entirely clear, it is clear that absolute prosecutorial immunity is justified 'only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct.'" *Id.* (quoting *Burns*, 500 U.S. at 494).

5

"[I]t is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case, and for the decision not to prosecute a particular case or group of cases." *Id.*

Rosas's claim is barred by absolute immunity because all conduct that Rosas alleges against the prosecutors is connected with the prosecutor's role in judicial proceedings. Accordingly, Rosas's claim against the prosecutors is DISMISSED with prejudice.

### c. State Law Claim for Malicious Prosecution

Rosas's complaint appears to assert a claim for malicious prosecution under state law. *See* Compl. at 1, 3-4, 6. "To establish a cause of action for malicious prosecution, the plaintiff must prove the prior action was: (1) brought by the defendant and resulted in a favorable termination for the plaintiff; (2) initiated or continued without probable cause; and (3) initiated with malice." *Cuviello v. Feld Ent., Inc.*, No. 13-CV-04951-BLF, 2014 WL 4380038, at *4 (N.D. Cal. Sept. 4, 2014), aff'd, 671 F. App'x 979 (9th Cir. 2016) (quoting *Robinzine v. Vicory*, 143 Cal. App. 4th 1416, 1422 (2006)). "The element of 'favorable termination' requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct." *Pattiz v. Minye*, 61 Cal. App. 4th 822, 827 (1998) (quoting *Pender v. Radin*, 23 Cal. App. 4th 1807, 1814 (1994)). "If the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution." *Id.* (citing *Eells v. Rosenblum*, 36 Cal. App. 4th 1848, 1855 (1995)).

Based upon excerpted records from the prosecution of Rosas, of which the Court has taken judicial notice,[4] Rosas's case was dismissed after he completed a diversion and treatment program.

---

[4] The City Defendants request this Court take judicial notice of excerpted criminal records from the Sonoma County District Attorney's prosecution of David Rosas, *People v. Rosas*, Sonoma County Superior Court criminal case no. SCR-707940-1. *See* ECF No. 14-1, Exs. 1-5 (case docket and minute orders for Rosas's preliminary hearing, referral to diversion program, and case dismissal upon completion of diversion program). Rosas's complaint describes proceedings that took place in Rosas's prosecution during which, it broadly alleges, Rosas was the victim of malicious prosecution and denied reasonable accommodation for his mental health. Because the requested documents are documents filed in a court and have a direct relation to the matters at issue, the Court grants City Defendants' request for judicial notice. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue" (internal quotation marks and citation omitted)); Fed. R. Evid. 201(b).

6

1  *See* ECF No. 14-1, Ex. 5. Thus, Rosas cannot satisfy the "favorable termination" element.

2  *Rodriguez v. Cnty. of Los Angeles*, No. 816CV00674MCSSHK, 2021 WL 945250, at *2 (C.D.

3  Cal. Jan. 25, 2021) ("Dismissal pursuant to participation in a diversion program is not

4  sufficient."); *see also Fetters v. County of Los Angeles*, 243 Cal. App. 4th 825, 847 (2016)

5  ("[I]nformal resolution/pretrial diversion programs should not be considered a favorable

6  termination of a criminal proceeding.").

7  Rosas's malicious prosecution claim under state law is DISMISSED with prejudice.

### d. Claim under ADA Title III

9  Rosas's claim under Title III of the ADA fails as a matter of law because Title III applies

10 only to private entities. *See Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1114-15 (N.D. Cal.

11 2011) ("In order to prevail on a discrimination claim under Title III, a plaintiff must show that:

12 (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns,

13 leases, or operates a place of public accommodation; and (3) the plaintiff was denied public

14 accommodations by the defendant because of her disability." (citing *Ariz. ex rel. Goddard v.

15 Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010))). Rosas's ADA Title III claim is

16 DISMISSED with prejudice.

### 2. Claims Dismissed with Leave to Amend

18 Rosas has not identified any legal causes of actions, but, liberally construed, his complaint

19 appears to allege the following causes of actions: violation of the Second Amendment right to

20 bear arms, malicious prosecution under 42 U.S.C. § 1983, denial of a mental health advocate

21 during his criminal prosecution in violation of the Fourteenth Amendment, violation of RICO,

22 violation of the ADA, and violation of California's Civil Rights Act, also referred to as the Unruh

23 Act. The Court agrees with Defendants that the complaint fails to allege sufficient facts to state

24 the above causes of actions, and DISMISSES these causes of actions. However, because it

25 appears that Rosas can cure these deficiencies, dismissal is with leave to amend. *See Lopez v.

26 Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless

27 pleading could not possibly be cured by allegation of other facts). To assist Rosas in preparing an

28 amended complaint, Court reviews the following legal principles.

**Individual and Municipal Liability.** As an initial matter, Rosas is reminded that he must specifically link each defendant to a claim, and explain what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). It is insufficient to merely list an individual or entity as a defendant. As an example, Rosas has not specified any actions or inactions taken by Governor Newsom or Sonoma County DA Jill Ravitch. In addition, to state a municipal liability claim against either the City of Santa Rosa or Sonoma County under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68.

**Second Amendment.** The Second Amendment protects the right to keep and bear arms. *D.C. v. Heller*, 554 U.S. 570, 576 (2008). Rosas has alleged that Santa Rosa property evidence technician Lisa Hansen violated the Second Amendment when she failed also return his ammunition and told Rosas that he needed to send a letter and form to the California Department of Justice to obtain his ammunition. Compl. at 7-8. To state a cognizable Second Amendment claim, Rosas must specify what Hansen (or any other Defendant) did that infringed upon his right to bear arms.

**Malicious Prosecution under Section 1983.** A criminal defendant may maintain a Section 1983 malicious prosecution claim not only against prosecutors but also against others—including police officers and investigators—who wrongfully caused his prosecution. *See Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (citing *Galbraith v. Cnty. of Santa Clara*, 307 F.3d

1119, 1126 (9th Cir. 2002)). A Section 1983 action for malicious prosecution claim requires a plaintiff show that the defendants prosecuted him with malice and without probable cause, and that they did so to deny him a specific constitutional right. *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)); *see also Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) ("[P]robable cause is an absolute defense to malicious prosecution."). Rosas brings his Section 1983 malicious prosecution claim against Santa Rosa Police Department Officer Gavin Holzapfel, Sonoma County District Attorney Jill Ravitch, and Sonoma County District Attorney's Office deputy district attorneys Jessica Washington and Spencer Brady, Compl. at 3, but fails to allege lack of probable cause, malice, and that Rosas's prosecution was done for the purpose of denying his constitutional rights. *See Smith*, 640 F.3d at 938. To state a cognizable Section 1983 malicious prosecution claim, Rosas must specify which defendant(s) engaged in malicious prosecution, what each defendant did or did not do that resulted in malicious prosecution, how the prosecution lacked malice, how each defendant exhibited malice, and how the prosecution denied him his constitutional rights.

**Fourteenth Amendment.** The Fourteenth Amendment prohibits the states from depriving any person of life, liberty, or property without due process of law, or denying persons equal protection of the law. Rosas does not explain how the denial of a mental health advocate during his criminal prosecution or the denial of ammunition violated the Fourteenth Amendment. To state a cognizable Fourteenth Amendment claim, Rosas must specify what each defendant did, or did not do, that deprived him of life, liberty, or property without due process of law, or denied him equal protection of the law.

**RICO claim.** To state a civil RICO claim, Rosas must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). "To demonstrate injury for RICO purposes, plaintiffs must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest. Personal injuries are not compensable under RICO." *Id.* (citing *Oscar v. University Students Coop. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992)). Rosas must also satisfy the RICO causation element by demonstrating that Defendants'

conduct directly and proximately caused the alleged injury. *Id*. Rosas's allegation that the Sonoma County District Attorney "colluded" with the Santa Rosa Police Department to arrest the mentally ill, deny them mental health services, and imprison them, Compl. at 3, fails to state a cognizable RICO claim. To state a cognizable RICO claim, Rosas must specify how conduct taken by the Sonoma County District Attorney and the Santa Rosa Police Department meets the elements of a RICO claim.

**ADA, Title II.** To bring a claim for violation of Title II of the ADA, Rosas must plausibly allege that he is a qualified individual with a disability, and that defendants have discriminated against him based on his disability. 42 U.S.C. § 12132; *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014) ("Discrimination includes a failure to reasonably accommodate a person's disability."), *rev'd in part, on other grounds*, 135 S. Ct. 1765 (2015). Rosas's allegation that the Sonoma County District Attorney and the Santa Rosa Police Department failed to provide Rosas a mental health advocate during his criminal prosecution fails to state a cognizable ADA claim. To state a cognizable Title II ADA claim, Rosas must specify how he is an individual with a disability or otherwise qualified to receive a mental health advocate during his criminal prosecution, how each defendant denied him a mental health advocate during his criminal prosecution, and how the denial was because of his disability.

**Unruh Act Claim.** The Court will not screen Rosas's Unruh Act claim at this time because it is unclear if he has satisfied the presentation requirement for bringing a state law claim for damages. The California Tort Claims Act requires, among other things, "the timely presentation of a claim to the public entity as a prerequisite to an action for money or damages." *Kim v. City of Belmont*, No. 17-CV-02563-JST, 2018 WL 500269, at *9 (N.D. Cal. Jan. 22, 2018) (citing Cal. Gov't Code § 911.2(a) (requiring the filing of the government claim no later than six months after the cause of action accrues)); *Robinson v. Alameda Cnty.*, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012). This requirement is designed to give the public entity at issue adequate time to investigate the merits of the claim and to settle it without the expense of a lawsuit. *See City of San Jose v. Sup. Court*, 12 Cal. 3d 447, 456 (1974). Failure to allege facts showing compliance with the Act subjects a state law claim to dismissal. *See Mangold v. Cal. Pub. Utils.*

*Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). The complaint is silent as to whether Rosas complied with the claims presentation requirement for his state law claims prior to filing suit. Accordingly, Rosas's state law claims are DISMISSED with leave to amend. If Rosas raises state law claims in his amended complaint, he must demonstrate that he has complied with the California Tort Claims Act in order to proceed on these claims.

## CONCLUSION

The Court grants the City Defendants' and the County Defendants' motions to dismiss. ECF Nos. 9, 14.

Rosas's claims against Sonoma County District Attorney Jill Ravitch, Sonoma County District Attorney's Office deputy district attorneys Jessica Washington and Spencer Brady, Santa Rosa Police Department Officer Gavin Holzapfel, and Santa Rosa Police Department Property Evidence Technician Lisa Hansen in their official capacities are DISMISSED without leave to amend. Rosas's claims against Ravitch, Washington, and Brady in their individual capacities based on actions connected with the prosecutor's role in judicial proceedings are DISMISSED without leave to amend. Rosas's malicious prosecution claim under state law and Title III ADA claim are DISMISSED without leave to amend.

Rosas's Second Amendment claim, Section 1983 malicious prosecution claim, Fourteenth Amendment claim for denial of a mental health advocate during his criminal prosecution, RICO claim, ADA Title II claim, and California's Unruh Act claim are DISMISSED with leave to amend.

The Court further STRIKES Rosas's amended complaints. ECF Nos. 32, 39. The Court further DISMISSES AS MOOT the City Defendants' and the County Defendants' motions to dismiss. ECF Nos. 34, 35.

Rosas may re-file an amended complaint within thirty days from the date of this order. Any amended complaint must specify which allegations and claims are directed against each Defendant. Rosas must plead each claim with sufficient specificity to give each Defendant notice of the nature of the claims leveled against them. Failure to do so, or failure to otherwise comply with this order, will result in dismissal with prejudice under Rule 41(b) of the Federal Rules of

1  Civil Procedure, which means that Rosas will not be allowed to pursue this claim any further.

2  The Court encourages Rosas to seek the assistance of the free Legal Help Center operated
3  by the Bar Association of San Francisco.  The Legal Help Center sets up appointments to speak
4  with a lawyer for basic legal help, but it does not provide legal representation.  Appointments can
5  be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.  Rosas may also wish to
6  consult the resources available on the Court's website, at https://cand.uscourts.gov/pro-se-
7  litigants/, for people who are representing themselves without a lawyer.

8  **IT IS SO ORDERED.**

9  Dated:  June 15, 2022



JON S. TIGAR
United States District Judge